Case 7:12-cv-00117-SGW -RSB   Document 3   Filed 03/26/12   Page 1 of 4   Pageid#: 56

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY LYNN VIA,<br>    Petitioner, | Civil Action No. 7:12-cv-00117 |
| v. | **MEMORANDUM OPINION** |
| R.C. MATHENA,<br>    Respondent. | By:  Samuel G. Wilson<br>United States District Judge |

This matter is before the court on Barry Lynn Via's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Via alleges that he refused to submit to prison-administered tuberculosis testing, was consequently charged with a disciplinary offense, and was penalized ninety days of good-time credit after a disciplinary hearing on the charge.  Via claims that he has since submitted to tuberculosis testing but that the prison has refused to reinstate his good-time credit.  This refusal, Via claims, violates his right to procedural due process.  Because Via has no federal right to have his lawfully revoked good-time credit restored, the court dismisses his petition.

I.

On November 7, 2010, Via refused to participate in Red Onion State Prison's annual tuberculosis testing.  As a consequence, prison officials charged him with "refusal to submit to tests . . . for contagious diseases" under Department Operating Procedure ("DOP") 861.1, Offense Code 119a.  At a disciplinary hearing on November 15, 2010, Hearings Officer L. Mullins found Via guilty of the charge and penalized him[1] with a mandatory ninety days loss of

---

[1]  The court notes that Via does not challenge the hearing that resulted in the *revocation* of his good-time credit; rather, he challenges the lack of a hearing for its restoration.  However, if Via did challenge the revocation, his claim would nevertheless fail because he was afforded the requisite due process.
     "The touchstone of due process is protection of the individual against arbitrary action of government."  Wolff v. McDonnell, 418 U.S. 539, 558 (1974).  Before a prisoner may be deprived of a protected liberty interest in good-time credit, he must be given some procedural protection.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. 539 (1974)).  This includes "(1) advance written notice of the disciplinary

good-time credit pursuant to DOP 861.1 (VII)(C). Via unsuccessfully challenged the conviction first by institutional appeal and then by state habeas proceeding.[2]

Via states that after unsuccessfully appealing his disciplinary conviction, he realized that "the only way to have his good time restored was to comply with [the testing] policy."[3] Via took the tuberculosis test on March 14, 2011 in hopes of having his good-time credit restored. After

---

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Id. Additionally, "some evidence" must support the decision by prison officials to revoke good-time credit. Id. at 455. However, procedural errors are subject to harmless error analysis; if there is no indication how an alleged error may have prejudiced a petitioner, habeas relief is not available. See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003).
    In this case, the attachments to Via's petition make it clear that officials gave Via advance written notice of the disciplinary charge and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. With regard to his opportunity to call witnesses and present documentary evidence in his defense, Via requested the Health Services Director as a witness; the ingredient label to the tuberculosis solution; the VDOC protocol for tuberculosis testing; and complaint records in order to show that the nurse only asked Via to submit to testing once, not twice. The Hearings Officer determined that the testimony of the Health Services Director was not relevant because he was not present when Via refused the testing. The Hearings Officer also determined that the ingredient label, VDOC protocol, and complaint records were not relevant to the issue of whether Via refused to submit to the testing. Accordingly, the Hearings Officer denied Via this witness and documentary evidence as irrelevant. Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals, Wolff, 418 U.S. at 566; however, there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary, Forbes v. Trigg, 976 F.2d 308, 317-18 (7th Cir. 1992). Accordingly, the court finds that officials afforded Via the necessary due process protections before revoking his good-time credit.

[2] Via claims to have exhausted his remedies in state court but has not filed documentation in support of that claim. The court assumes that Via's remedies are exhausted and proceeds on the merits under that assumption. Alternatively, the court proceeds on the merits pursuant to 28 U.S.C. § 2254(b)(2), which states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

[3] Via cites an outdated version of DOP 861.1(VIII)(S) (Aug. 1, 2007), which states that, "[n]o good time lost as a result of this offense will be restored until the offender complies with all tests and treatment requirements, as determined by the medical authority." The current policy states that, "[e]xcept for offense . . . 119a, an offender cannot request restoration of Good Time." DOP 861.1(VIII)(O)(3) (available online at http://www.vadoc.virginia.gov/about/procedures/documents/800/861-1.pdf, last visited March 22, 2012). This section also outlines the procedure for restoring any eligible good-time credit. It states:
    a. To receive restored Good Time, the offender who has complied with the requirements that resulted in the conviction of Offense . . . 119a shall submit a request to the Facility Unit Head.
    b. The Facility Unit Head will review the circumstances of the offender's refusal and subsequent compliance and make a recommendation to the Regional Administrator how much, if any, Good Time should be restored.
    c. The Regional Administrator shall review the Facility Unit Head recommendation and forward to the Chief of Operations, Offender Management Services.
    d. The offender shall be notified by the responsible office when the Good Time is restored or if the restoration is disapproved.
    e. An offender not satisfied with the Good Time restoration should address the concern through the Offender Grievance Procedure.
Id.

testing, Via "inquired with staff to restore his good time, but was ignored." On April 11, 2011, Via filed an informal complaint and, in response, was told that prison staff would contact Via's counselor. Via alleges that no one contacted his counselor. Via then filed "Level I" and "Level II" grievances, both of which the reviewing officials deemed unfounded. On June 10, 2011, Via participated in his annual review with his counselor, where he learned that his counselor knew nothing about the restoration of his good-time credit. Via now claims that the prison's failure to restore his good-time credit is a violation of his right to procedural due process.

## II.

Section 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). Habeas corpus is the appropriate mechanism for a state prisoner to challenge "the fact or duration of his confinement," which includes a loss of good-time credit. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005); see also Preiser v. Rodriguez, 411 U.S. 475 (1973). However, Via does not have any federal right to have good-time credit restored after officials lawfully revoked it.[4] Accordingly, the court finds that Via's allegations do not state a claim for a procedural due process violation.

---

[4] See supra note 1. To the extent Via's allegations can be construed as raising a state law claim, he has failed to state a claim for federal habeas relief. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Further, the DOP at issue, 861.1, does not provide an absolute right to the return of good-time credit, it merely provides a possibility of return of good-time credit at the discretion of VDOC officials.

3

## III.

For the reasons stated herein, the court dismisses Via's habeas corpus petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: March 26, 2012.

_____
UNITED STATES DISTRICT JUDGE